IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

NORMAN CRITTENDON,                    §
TDCJ-CID NO. 499806,                  §
                                      §
            Petitioner,               §
                                      §
v.                                    §     CIVIL ACTION NO. H-10-3115
                                      §
RICK THALER,                          §
                                      §
            Respondent.               §

## MEMORANDUM OPINION AND ORDER

Norman Crittendon, a Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) inmate with a history of filing frivolous lawsuits,[1] has filed a Petition for Writ of Habeas Corpus challenging a state court conviction under 28 U.S.C. § 2254 (Docket Entry No. 1). The petition will be dismissed because it is successive and baseless.

Crittendon's habeas petition challenges a felony conviction and fifty-year sentence for possession of a deadly weapon in a penal institution. State v. Crittendon, No. 17,626-C (278th Dist. Ct., Walker County, Tex., July 30, 1993). Crittendon filed a

_____

[1]The United States Court for the Eastern District of Texas has dismissed as frivolous at least five of Crittendon's prisoner civil rights complaints. Crittendon v. January, No. 6:96cv637 (E.D. Tex. Sept. 5, 1996). The United States Court of Appeals for the Fifth Circuit barred Crittendon from filing a petition for a writ of mandamus without prepaying the filing fee. In re Crittendon, 143 F.3d 919, 1998 WL 30793 (5th Cir. June 10, 1998).

direct appeal after he was convicted; the Texas Court of Appeals for the Fourteenth District affirmed the trial court's judgment. Crittendon v. State, 923 S.W.2d 632 (Tex. App. -- Houston [1st Dist.] 1995, no pet.). Crittendon did not file a petition for discretionary review. Crittendon later filed four state applications for a writ of habeas corpus, each of which were denied by the Texas Court of Criminal Appeals. See Ex parte Crittendon, Nos. 19,905-10,-12,-14,-15 (Tex. Crim. App.).

Crittendon filed his first federal petition for a writ of habeas corpus challenging his conviction in 1998. The district court dismissed the habeas petition as time-barred under 28 U.S.C. § 2244(d). Crittendon v. Johnson, No. H-98-300 (S.D. Tex. Mar. 29, 2000). The United States Court of Appeals for the Fifth Circuit subsequently denied Crittendon's request for a Certificate of Appealability. Crittendon v. Johnson, No. 01-20662.

In 2004 Crittendon filed a second federal habeas petition, which was dismissed for lack of jurisdiction because it had been filed without obtaining prior authorization from the Fifth Circuit to file a successive petition. Crittendon v. Dretke, No. H-04-3633 (S.D. Tex. June 16, 2005). Crittendon then sought authorization, which the Fifth Circuit denied. In re Crittendon, No. 05-20857 (5th Cir. Apr. 4, 2006).

Crittendon again requested permission from the Fifth Circuit to file a successive petition for a federal writ of habeas corpus

-2-

alleging that the state wrongly enhanced his sentence by using a misdemeanor to enhance the punishment.  The Fifth Circuit granted permission, and Crittendon filed a successive petition, which the district court dismissed after finding that Crittendon was not relying on a new rule of constitutional law or on a factual predicate that could not have been discovered earlier through due diligence.  Crittendon v. Quarterman, No. H-07-3940 (S.D. Tex. Dec. 4, 2008).  The Fifth Circuit dismissed the appeal for lack of jurisdiction.  Crittendon v. Thaler, No. 09-20064 (5th Cir. Jan. 19, 2010).

In Crittendon's third federal habeas petition regarding his weapon possession conviction, he argues that he is wrongly being held in administrative segregation.  He also claims that TDCJ has denied him a "fair and reasonable" consideration for parole.

Crittendon's petition is barred because it is a successive federal habeas challenge to a state-court conviction.  28 U.S.C. § 2244(b).  Because of the prior dismissal, Crittendon must first obtain permission from the United States Court of Appeals for the Fifth Circuit before filing another habeas petition.  28 U.S.C. § 2244(b)(3).  There is no indication that the Fifth Circuit has granted permission to Crittendon to file the current petition. Without such authorization, this action must be dismissed for lack of jurisdiction.  Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999).

-3-

Moreover, Crittendon's claims are based on allegations that the state has violated its parole procedures and that he has been wrongly assigned to administrative segregation by TDCJ-CID. A prisoner has no federal constitutional right to be released before the expiration of his sentence. Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 99 S.Ct. 2100 (1979); Wottlin v. Fleming, 136 F.3d 1032, 1037 (5th Cir. 1998). Under Texas law, the decision to deny parole to an eligible inmate is entirely within the parole panel's discretion. See Tex. Govt. Code Ann. § 508.141 (Vernon 2004). The Texas parole statutes do not create a due process liberty interest in parole release, and parole denials do not implicate the due process clause. Johnson v. Rodriguez, 110 F.3d 299, 305, 308-09 (5th Cir. 1997); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995). It is not the federal court's function to review the state's interpretation of its own laws. Weeks v. Scott, 55 F.3d 1059, 1063 (5th Cir. 1995).

Furthermore, a habeas petition can only be used to challenge the legality of an inmate's incarceration, not its conditions. See Cook v. Texas Department of Criminal Justice Transitional Planning Department, 37 F.3d 166, 168 (5th Cir. 1994). Because prison administrators have the authority and the responsibility to classify and assign inmates to maintain the security of the prison units, this court will not interfere with the prison administration's decisions regarding placement. Wilkerson v.

-4-

<u>Stalder</u>, 329 F.3d 431, 436 (5th Cir. 2003), <u>citing</u> <u>McCord v.</u>
<u>Maggio</u>, 910 F.2d 1248, 1250 (5th Cir. 1990) (prison officials are
given wide deference in classifying a prisoner's custodial status).

This action will be dismissed without prejudice to Crittendon
seeking approval from the Fifth Circuit Court of Appeals to proceed
in this court.  28 U.S.C. § 2244(b)(3).

Should Crittendon file a Notice of Appeal challenging this
Memorandum Opinion and Order, a Certificate of Appealability will
be **DENIED** because he has not "made a substantial showing of the
denial of a constitutional right."  See <u>Kutzner v. Cockrell</u>, 303
F.3d 333, 338 (5th Cir. 2002), <u>citing</u> 28 U.S.C. § 2253(c)(2).

The Application to Proceed In Forma Pauperis (Docket Entry
No. 2) is **GRANTED**.

The Clerk will provide a copy of this Memorandum Opinion and
Order to the petitioner and a copy of the petition and this
Memorandum to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, this 17th day of September, 2010.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-5-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


NORMAN CRITTENDON,               §
TDCJ-CID NO. 499806,             §
                                 §
            Petitioner,          §
v.                               §        CIVIL ACTION NO. H-10-3115
                                 §
RICK THALER,                     §
                                 §
            Respondent.          §


### FINAL JUDGMENT


In accordance with the court's Memorandum Opinion and Order entered today, this action is **DISMISSED without prejudice.**

For the reasons stated in the court's Memorandum Opinion and Order and because the petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability is **DENIED.**

This is a **FINAL JUDGMENT.**

**SIGNED** at Houston, Texas, this 17th day of September, 2010.


                                    _____
                                         SIM LAKE
                                    UNITED STATES DISTRICT JUDGE